IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BIG RED, INC. and<br>NORTH AMERICAN BEVERAGES,<br>LLC, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| CATAWISSA BOTTLING COMPANY,<br>INC., | § § § § | JURY DEMANDED |
| Defendant. | § § | |

## COMPLAINT

Plaintiffs Big Red, Inc. and North American Beverages, LLC (collectively, "Big Red") file this Complaint to recover legal and equitable relief against Catawissa Bottling Company, Inc.'s ("Defendant") for infringement and dilution of Big Red's federally protected trademarks and trade dress associated with the famous BIG RED Soda, and allege as follows:

### PARTIES AND SERVICE

1. Plaintiff Big Red, Inc. is a Texas corporation with its principal place of business at 6500 River Place Blvd., Building 1, Suite 450, Austin, Texas 78730.

2. Plaintiff North American Beverages, LLC, ("NAB") is a Texas limited liability company and wholly-owned subsidiary of Big Red, Inc. NAB maintains its principal place of business at 6500 River Place Blvd., Building 1, Suite 450, Austin, Texas 78730.

3. Upon information and belief, Defendant Catawissa Bottling Company, Inc. is a Pennsylvania corporation with its principal place of business at 450 Fisher Ave., Catawissa, Pennsylvania 17820-1022.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338, as well as 15 U.S.C. § 1121, in that Big Red is pursuing several causes of action against Defendant under the Lanham Act, 15 U.S.C. §1051, *et seq.* In addition, the court has subject matter jurisdiction over the claims brought herein under 28 U.S.C. § 1332 because there is diversity of citizenship and Big Red seeks damages of more than $75,000.00. The Court has supplemental jurisdiction over Big Red's state-law claims under 28 U.S.C. § 1367.

5. The Court has personal jurisdiction over Defendant because Defendant has maintained minimum contacts with the State of Texas sufficient to subject it to personal jurisdiction consistent with due process under the Fourteenth Amendment to the United States Constitution. Defendant has purposefully availed itself of the benefits and protections of Texas by establishing minimum contacts with Texas, and the Court's exercise of personal jurisdiction over Defendant does not offend traditional notions of fair play and substantial justice. Upon information and belief, Defendant has infringed the trademarks owned by Plaintiffs domiciled in Texas by: advertising, selling, distributing, or causing the advertisement, sale, or distribution of products infringing on Big Red's trademark rights (the "Accused Products") to Texas businesses and residents.

6. Venue is proper in the Dallas Division of the Northern District of Texas under 28 U.S.C. § 1391(b)(1) and (b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within the Dallas Division of the Northern District of Texas, and because the claims asserted by Plaintiffs arise through Defendant's trademark infringement in this Division and this District.

# FACTS

7. Big Red is the sixth-largest soft drink company in the United States, best known for its iconic cream soda of the same name. The beloved beverage is sold in 40 states and shipped to American military bases in Kuwait and Iraq. Big Red has achieved this success primarily through careful development and marking of its trademarks and trade dress over the course of seventy-eight years.

8. The flagship soda was created in 1937, when two inventors combined red food coloring with lemon, orange, and vanilla flavors, resulting in an indescribably sweet liquid which has been famously described as "red like the color of a speeding fire engine." This new soft-drink was immediately popular and regularly identified by its arbitrary and distinctive red color. Sometime in the 1950s, consumers gave it a nickname: "big red."

9. Big Red saw this initial product recognition as a critical opportunity to create an American staple. In 1957, Big Red capitalized on this opportunity by developing the original BIG RED mark:

# BIG RED

A. **The Big Red Marks**

10. For the next fifty-eight years, Big Red strengthened its emerging brand by expending significant resources to develop, market, and protect distinctive trademarks that carefully expand upon the original design.

11. Big Red applied for trademark protection for the BIG RED mark in 1957. Since then, Big Red has expended significant resources to develop, market, and protect this iconic mark. It has been prominently displayed on product packaging and advertisements for nearly sixty years. Big Red owns the following registered trademarks:

| MARK | REG. NO. | DATE | GOODS |
|---|---|---|---|
| **BIG RED** | 691351 | 1/12/1960 | Syrups for carbonated beverages |
| **BIG RED** | 1628540 | 12/18/1990 | Soft drinks |

12. The A true and correct copy of Registration No. 691351 ("Big Red Syrup Registration") is attached as Exhibit A. A true and correct copy of Registration No. 1628540 ("Big Red Soft Drink Registration") is attached as Exhibit B. Big Red currently owns all active BIG RED trademark registrations.

13. The BIG RED mark used in relation to soft drinks (the "BIG RED Word Mark") was registered on the Principal Register on December 18, 1990. *See* Big Red Soft Drink Registration, page 2 ("Dec. 18, 1990 – REGISTERED – PRINCIPAL REGISTER"). It was in continuous and exclusive use for five years, after which Big Red's predecessor submitted an affidavit of incontestability on September 17, 1999. *See* Big Red Soft Drink Registration, page 2 ("Sep. 17, 1996 - SEC. 15 FILED"). In acceptance of Big Red's predecessor's compliance with the statutory requirements for incontestability as set forth in 15 U.S.C. § 1065, the United States Trademark and Patent Office acknowledged the BIG RED Word Mark's incontestable status on September 17, 1996. *See* Big Red Soft Drink Registration, page 2 ("SEC. 15 ACK."). Big Red has not suffered a final adverse decision as to its ownership or claim to ownership of the BIG RED Word Mark. *Id.* There is no proceeding involving Big Red's rights to the BIG RED Word

Mark in either the United States Patent and Trademark Office or a competent court. *Id.* The BIG RED Word Mark is thus valid and incontestable pursuant to 15 U.S.C. § 1065.

14. This incontestable mark appears on all bottles and all advertising, serving as a centerpiece for Big Red's product packaging by tying together the visual elements into a consistent and immediately recognizable BIG RED Trade Dress.

B. **The BIG RED Trade Dress**

15. For decades, Big Red has marketed its bottled BIG RED Soda in consistent product packaging, which is unified by a central configuration: Two single-syllable words, "BIG RED," are featured prominently on the center of a label and positioned between stylized text or small accents. The label is then imposed on a clear, wide shouldered bottle with a tapered neck that angles smoothly towards the collar.

16. This central design was conceived, developed, and marketed for the purpose of connecting the Big Red marks with the flagship soda.

17. The Retro BIG RED Trade Dress uses the BIG RED Word Mark as it appeared in the 70's to create a nostalgic vintage soda shop impression:

 

5

18. The BIG RED Splash Trade Dress, featuring liquid droplets and the BIG RED Word Mark in large, light-colored font outlined in black, appears in supermarkets and convenience stores:

 

C. **Public Recognition of the BIG RED Word Mark and the BIG RED Trade Dress**

19. Big Red has spent significant resources to develop and promote the BIG RED Word Mark to ensure that consumers may easily identify Big Red's superior beverage. Big Red has also spent significant resources to develop and promote the BIG RED Splash Trade Dress and the BIG RED Retro Trade Dress (collectively, the "BIG RED Trade Dress"). As a result of these extensive marketing efforts, Big Red's products are readily identified by the BIG RED Word Mark and BIG RED Trade Dress.

20. Every year, millions of beverages are packaged in the unique BIG RED Trade Dress and are distributed throughout the United States, creating significant consumer goodwill and trust in the trade dress as a source indicator.

21. This longstanding and continuous use has led consumers to recognize a product bearing the BIG RED Word Mark, or packaged in the BIG RED Trade Dress, to mean that the product is connected to Big Red.

D. **Defendant's Infringing Activities**

22.     Defendant sells a cream soda product (the "Accused Product") under the Big Ben word mark (the "Accused Word Mark"), which is substantially similar to the incontestable BIG RED Word Mark. The Accused Product is artificially colored to an identical shade of red to match BIG RED Soda's iconic red, and is marketed in product packaging that is nearly identical to the BIG RED Trade Dress (the "Accused Trade Dress").

23.     The striking similarity between Defendant's Accused Product, Accused Word Mark, and Accused Trade Dress and BIG RED Soda are especially apparent when viewed in close proximity:

   

24.     Upon information and belief, Defendant distributes this product across the United States, and within the Northern District of Texas.

25.     Big Red has twice notified Defendant of Big Red's rights under the Lanham Act. Despite Big Red's attempts to resolve this matter amicably, Big Red has persisted in its infringement of Big Red's federally protected trademark rights.

E. **Effect of Defendant's Activities**

26.     Defendant's unauthorized use of the Accused Marks and Accused Trade Dress is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers

of the parties at least as to some affiliation, connection, or association of Defendant with Big Red, or as to the origin, sponsorship, or approval of Defendant's products with Big Red.

27. Defendant's unauthorized use of the Accused Word Mark and Accused Trade Dress falsely designates the origin of its products, and falsely and misleadingly represents facts with respect to Defendant and its products.

28. Defendant's unauthorized use of the Accused Marks and Accused Trade Dress enables Defendant to trade on and receive the benefit of goodwill built up at the cost of great expense and effort by Big Red over many years, and allows Defendant to gain consumer approval of its products on the reputation and customer goodwill associated with BIG RED Soda.

29. Defendant's unauthorized use of the Accused Marks and Accused Trade Dress allows Defendant to obtain benefit from Big Red by taking undue advantage of the significant consumer goodwill in the BIG RED marks, BIG RED Word Mark, and/or the BIG RED Trade Dress which are owned by Big Red. Defendant has thus taken unfair advantage of Big Red by trading on and profiting from Big Red's valuable goodwill, resulting in Defendant wrongfully obtaining monetary and reputational benefit for its own business and products.

30. Defendant's unauthorized use of the Accused Marks is likely to cause dilution of the famous BIG RED marks, the BIG RED Word Mark, and/or the BIG RED Trade Dress

31. Defendant's unauthorized use of the Accused Marks and Accused Trade Dress removes Big Red's ability to control the nature and quality of products provided under and/or associated with the BIG RED marks, the BIG RED Word Mark, and/or the BIG RED Trade Dress, conferring upon Defendant significant control over Big Red's valuable reputation and goodwill.

32. Defendant's unauthorized use of the Accused Marks and Accused Trade Dress also subjects the public to the risk of mistakenly consuming a product that they did not expect to consume.

33. Unless Defendant's unauthorized conduct is restrained by this Court, Defendant will continue to cause irreparable injury to Big Red and to the public for which there is no adequate remedy at law.

## CAUSES OF ACTION

### COUNT I:  FEDERAL TRADEMARK INFRINGEMENT

34. Big Red repeats each allegation above as if fully set forth herein.

35. Defendant's acts constitute an infringement of Big Red's federally protected trademarks in violation of the Lanham Act, 15 U.S.C. § 1114(1).

36. Upon information and belief, Defendant committed the acts above with: (a) with previous knowledge of Big Red' prior use of the BIG RED marks and/or the BIG RED Word Mark; (b) with the willful intent to trade on Big Red's goodwill and reputation; and/or (c) with the willful intent to cause dilution of the BIG RED marks and/or the BIG RED Word Mark.  As a result, Big Red is entitled to an award of damages pursuant to 15 U.S.C. § 1117.

### COUNT II: TEXAS TRADEMARK INFRINGEMENT

37. Big Red repeats each allegation above as if fully set forth herein.

38. Defendant's acts constitute trademark infringement in violation of the Texas Business Code § 16.102.

### COUNT III:  FEDERAL TRADEMARK DILUTION

39. Big Red repeats each allegation above as if fully set forth herein.

40. Defendant's acts constitute dilution of Big Red's famous BIG RED marks, the BIG RED Word Mark, and/or the BIG RED Trade Dress in violation of 15 U.S.C. § 1125 (c) (1).

41. Upon information and belief, Defendant committed the acts above with: (a) with previous knowledge of Big Red's prior use of the BIG RED marks, the BIG RED Word Mark, and/or the BIG RED Trade Dress; (b) with the willful intent to trade on Big Red's goodwill and reputation; and/or (c) with the willful intent to cause dilution of BIG RED marks, the BIG RED Word Mark, and/or the BIG RED Trade Dress. As a result, Big Red is entitled to an award of damages pursuant to 15 U.S.C. § 1117.

### COUNT IV: TEXAS TRADEMARK DILUTION

42. Big Red repeats each allegation above as if fully set forth herein.

43. Defendant's acts constitute dilution of Defendant's infringement in violation of the Texas Business Code § 16.103.

### COUNT V: FEDERAL TRADE DRESS INFRINGEMENT

44. Big Red repeats each allegation above as if fully set forth herein.

45. Defendant's acts constitute an infringement of Big Red's nonfunctional, unique, and inherently distinctive BIG RED Splash Trade Dress and/or BIG RED Retro Trade Dress in violation of 15 U.S.C. § 1125.

46. Upon information and belief, Defendant committed the acts above with: (a) with previous knowledge of Big Red' prior use of the BIG RED Splash Trade Dress and/or the BIG RED Retro Trade Dress; and/or (b) with the willful intent to trade on Big Red's goodwill and reputation. As a result, Big Red is entitled to an award of damages pursuant to 15 U.S.C. § 1117.

### COUNT VI: TEXAS TRADE DRESS INFRINGEMENT

47. Big Red repeats each allegation above as if fully set forth herein.

48. Defendant's acts constitute an infringement of Big Red's nonfunctional, unique, and inherently distinctive BIG RED Splash Trade Dress and/or BIG RED Retro Trade Dress in violation of Texas Business Code 16.102(a) (2).

### COUNT VII: FEDERAL FALSE DESIGNATION OF SOURCE

49. Big Red repeats each allegation above as if fully set forth herein.

50. Defendant's acts constitute false designation of source in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

### COUNT VIII: FEDERAL UNFAIR COMPETITION

51. Big Red repeats each allegation above as if fully set forth herein.

52. Defendant's infringement on the BIG RED marks, the BIG RED Word Mark, and/or the BIG RED Trade Dress constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

### COUNT IX: TEXAS UNJUST ENRICHMENT

53. Big Red repeats the allegations above as if fully set forth herein.

54. The acts of Defendant complained of herein constitute unjust enrichment of Defendant at the expense of Big Red in violation of Texas law.

### PRAYER FOR RELIEF

WHEREFORE, Big Red prays that:

A. Defendant, its officers, agents, servants, employees, attorneys, and all other persons who are in active concert or participation with any of them, be preliminarily and permanently enjoined and restrained from using the BIG RED marks, the BIG RED Word Mark, and/or the BIG RED Trade Dress, and/or any other mark or design that is confusingly similar to

or likely to cause dilution of Big Red's federally protected trademarks, and from any attempt to retain any part of the goodwill misappropriated from Big Red;

B. Defendant, its officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with any of them, be required to deliver up and destroy all bottles bearing the Accused Marks and all bottles bearing both the Accused Marks and the Accused Trade Dress, as well as all signage, advertisements, commercials, internet postings, and any other materials bearing or using the Accused Marks and/or the Accused Trade Dress; and Defendant be ordered to file with this Court and to serve upon Big Red, within thirty (30) days after the entry and service on Defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

C. Big Red recovers all damages sustained as a result of Defendant's activities, and that said damages be trebled;

D. An accounting be directed, at Defendant's sole expense, to determine Defendant's profits resulting from its activities and that such profits be paid over to Big Red, increased as the Court finds to be just under the circumstances of this case;

E. Big Red recovers its reasonable attorney fees;

F. Big Red recovers its costs of this action and prejudgment and post-judgment interest; and

G. Big Red recovers such other relief to which they are justly entitled or as the Court may otherwise deem appropriate.

## JURY DEMAND

Big Red demands a jury trial in accordance with Federal Rule of Civil Procedure 38(b).

Dated: May 6, 2015

Respectfully submitted,

**BAKER HOSTETLER LLP**

By: /s/ *Edward L. Friedman*
    **Edward L. Friedman**, *Lead Counsel*
    Texas Bar No. 07462950
    Federal Bar No. 72833
    Phone: (713) 646-1389
    Fax: (713) 751-1717
    Email: efriedman@bakerlaw.com
    **Carlos D. Mejias**, *Counsel*
    Texas Bar No. 24094841
    Phone: (713) 646-1338
    Email: cmejias@bakerlaw.com
    811 Main Street, Suite 1100
    Houston, TX  77002

ATTORNEYS FOR PLAINTIFFS BIG RED, INC., AND NORTH AMERICAN BEVERAGES, LLC.